SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. CARL EUGENE MILLER, Jr., and BUFFORD STUBBS, Respondents.

No. 9773

SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. CARL EUGENE MILLER, Jr., and BUFFORD STUBBS, Respondents.

No. 9775

September 22, 1977                    569 P.2d 401

*Robert List,* Attorney General, *A. J. Hicks* and *Jeffrey N. Clontz,* Deputy Attorneys General, Carson City; *George E. Holt,* District Attorney, and *H. Douglas Clark,* Deputy District Attorney, Clark County, for Appellant.

*George E. Franklin,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In separate cases, which have been consolidated on appeal,

**510**

respondents Miller and Stubbs were charged by criminal complaint with cheating at gambling and possession of a cheating device, felony violations of NRS 465.080.[1] Preliminary examinations were waived and informations were filed in the district court.

After their motions to dismiss the charges were denied, respondents petitioned the district court for writs of habeas corpus alleging Chapter 355 of the 57th (1973) Session of the Nevada Legislature, which amended NRS 465.080, embraced more than one subject, failed to state that subject in the title and, thus, violated the mandate of article 4, section 17 of the Nevada Constitution.[2] The district judge, without stating any reason therefor, granted respondents' petition and the state has appealed.

In our view, the provisions of NRS 465.080, which were amended by the 1973 legislation, concern but one general subject, which is indicated by the title. The central content of the title states that the act contains "changes relating to crimes against slot machines and vending machines; increasing the penalty for certain crimes against slot machines; authorizing gaming licensees to detain and question persons suspected of

---

[1]NRS 465.080 provides, in pertinent part:

"1. It is unlawful for any person playing any licensed gambling game:

". . .

"(b) To employ or have on his person any cheating device to facilitate cheating in such games.

"2. It is unlawful for any person, in playing or using any slot machine designed to receive or be operated by lawful coin of the United States of America:

". . .

"(b) To use any cheating or thieving device, including but not limited to tools, drills, wires, coins attached to strings or wires or electronic or magnetic devices, to unlawfully facilitate aligning any winning combination or removing from any slot machine any money or other contents thereof.

"3. It is unlawful for any person, not a duly authorized employee, to have on his person or in his possession while on the premises of a licensed gaming establishment any cheating or thieving device, including, but not limited to, tools, wires, drills, coins attached to strings or wires, electronic or magnetic devices to facilitate removing from any slot machine any money or other contents thereof."

[2]Nev. Const. art. 4, § 17, provides:

"Each law enacted by the Legislature shall embrace but one subject, and matter, properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be revised or amended by reference to its title only; but, in such case, the act as revised or section as amended, shall be re-enacted and published at length."

swindling; . . ." Those changes were made and they are logically germane to the subjects expressed in the title; thus, they do not contravene article 4, section 17 of our Constitution. *See* State ex rel. Brennan v. Bowman, 89 Nev. 330, 512 P.2d 1321 (1973); In Re Calvo, 50 Nev. 125, 253 P. 671 (1927); State v. Com's Humboldt Co., 21 Nev. 235, 29 P. 974 (1892); Ex-parte Livingston, 20 Nev. 282, 21 P. 322 (1889).

The district court order is reversed.